IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DUNN SOUTHEAST, INC. d/b/a R.J. GRIFFIN & COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL PROPERTIES TRUST, INC.; MUSKOGEE COMMUNITY HOSPITAL, LLC;  MPT OPERATING PARTNERSHIP, LP; MPT OF MUSKOGEE, LLC; MUSKOGEE COMMUNITY HEALTHCARE, L.L.C. f/k/a MUSKOGEE COMMUNITY HOSPITAL, L.L.C.; and MCH MANAGEMENT LLC f/k/a MUSKOGEE COMMUNITY HOSPITAL, LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO:<br>)<br>) 1:07-CV-02424-MHS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT OR IN THE ALTERNATIVE QUANTUM MERUIT OR PROMISSORY ESTOPPEL

COMES NOW Plaintiff DUNN SOUTHEAST, INC. d/b/a R.J. GRIFFIN &

COMPANY ("Plaintiff" or "RJ Griffin") and pursuant to the Federal Civil

Procedure 15(a) and 20, as well as LR 15.1, NDGa, files this Second Amended

Complaint. The new provisions of the Complaint are paragraph 2 and Count VII. The remaining provisions are unchanged.

## Parties & Jurisdiction:

1.

Plaintiff is a company organized under the laws of the State of Georgia with its principal place of business located at 800 Mt. Vernon Highway, Suite 200, Atlanta, Georgia 30328.

2.

(a)     Defendant Medical Properties Trust, Inc. is a corporation organized under the laws of the State of Maryland with its principal place of business located at 3500 Colonnade Parkway, Suite 540, Birmingham, Alabama, 35243.  Defendant MPT may be served with process through its registered agent, Edward K. Aldag, Jr., 1000 Urban Center Drive, Suite 501, Birmingham, Alabama, 35242.

(b)     Defendant MPT Operating Partnership, LP is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Alabama.  Defendant MPT Operating Partnership, LP is a subsidiary of Defendant Medical Properties Trust, Inc. and counsel for Defendant Medical Properties Trust, Inc. has agreed to accept service on its behalf.

(c)     Defendant MPT of Muskogee, LLC is a company organized under the laws of the State of Delaware.  Defendant MPT of Muskogee, LLC is a subsidiary of Defendant Medical Properties Trust, Inc. and counsel for Defendant Medical Properties Trust, Inc. has agreed to accept service on its behalf.

(d)     Hereinafter and for the remainder of this Second Amended Complaint, which specifically incorporates by reference all averments and exhibits of the original Complaint filed on or about October 2, 2007, as well as the First Amended Complaint filed on or about November 1, 2007, "Defendant MPT" or "MPT" refers collectively to Defendant Medical Properties Trust, Inc. and/or in the alternative Defendants MPT Operating Partnership, LP and MPT of Muskogee, LLC.

3.

(a)     Defendant Muskogee Community Hospital, LLC is a limited liability company organized under the laws of Oklahoma with its principal place of business in Oklahoma.  Defendant Muskogee may be served with process through its registered agent, Mark Roberts, 2185 Kyles Drive Bartlesville, Oklahoma 74006.

(b)     Defendant Muskogee Community Healthcare, L.L.C. formerly known as Muskogee Community Hospital, L.L.C. is a limited liability company organized

under the laws of Oklahoma with its principal place of business in Oklahoma who

has as its registered agent, Mark Roberts, 2185 Kyles Drive Bartlesville, Oklahoma

74006.  Upon information and belief, on or about December 20, 2005, this

Defendant changed its name from Muskogee Community Hospital, L.L.C. to

Muskogee Community Healthcare, L.L.C.   This Defendant's counsel, Mr. Ron

Wright of Wright, Stout & Wilburn, 300 West Broadway, Suite A, Muskogee,

Oklahoma 74402 has agreed to accept service of this Second Amended Complaint.

Hereinafter, Defendant Muskogee Community Healthcare, L.L.C. f/k/a Muskogee

Community Hospital, L.L.C will be referred to as "Defendant Muskogee."

     (c)     Defendant MCH Management LLC formerly known as Muskogee

Community Hospital, L.L.C. is a limited liability company organized under the

laws of Oklahoma with its principal place of business in Oklahoma who has as its

registered agent, Mark Roberts, 2185 Kyles Drive Bartlesville, Oklahoma 74006.

Upon information and belief, on or about November 21, 2006 this Defendant

changed its name from Muskogee Community Hospital, L.L.C. to MCH

Management, LLC.  This Defendant's counsel, Mr. Ron Wright of Wright, Stout &

Wilburn, 300 West Broadway, Suite A, Muskogee, Oklahoma 74402 has agreed to

accept service of this Second Amended Complaint.  Hereinafter, Defendant MCH

Management, LLC f/k/a Muskogee Community Hospital, L.L.C will be referred to as "Defendant Muskogee."

(d)     Hereinafter and for the remainder of this Second Amended Complaint, which specifically incorporates by reference all averments and exhibits of the original Complaint filed on or about October 2, 2007, "Defendant Muskogee" or "Muskogee" refers collectively to Defendant Muskogee Community Hospital LLC; Defendant MCH Management, LLC f/k/a Muskogee Community Hospital, LLC; and Defendant Muskogee Community Healthcare f/k/a Muskogee Community Hospital, LLC.[1]

4.

This Court has personal jurisdiction over Defendant MPT and Defendant Muskogee pursuant to O.C.G.A. § 9-10-91, as both Defendants, either in person or through an agent have initiated contact in, transacted business in and derived economic benefit from, the State of Georgia.   Venue is appropriate under 28 U.S.C. § 1391(a) and (c), as Defendant MPT and Defendant Muskogee are subject to personal jurisdiction within this district.  In addition, subject matter jurisdiction is granted to this Court pursuant to 28 U.S.C. § 1332, as Plaintiff and Defendants

---

[1] This means Defendant Muskogee as referred to throughout the entire Complaint, is specifically inclusive of, but not limited to: Count II (In the Alternative—Breach of Contract), Count V (In the Alternative—Quantum Meruit) and Count VI Attorneys' Fees are all brought against Defendant Muskogee Community Hospital LLC; Defendant Muskogee Community Healthcare, L.L.C. f/k/a/ Muskogee Community Hospital, L.L.C.; and Defendant MCH Management LLC f/k/a Muskogee Community Hospital, L.L.C.

are of diverse citizenships and the amount in controversy exceeds $75,000.00
exclusive of costs and interest.

## FACTS

5.

Defendant MPT is a self-advised real estate company that acquires and
provides funds for healthcare facilities providing state-of-the-art healthcare
services.  Generally, MPT leases its facilities to experienced healthcare operators
pursuant to long-term net-leases, which require the tenant to bear most of the costs
associated with the property.  MPT's focus is on acquiring and developing
rehabilitation hospitals, long-term acute care hospitals, regional and community
hospitals, women's and children's hospitals and ambulatory surgery centers as well
as other specialized single-discipline and ancillary facilities.  See
www.medicalpropertiestrust.com.

6.

Based on Plaintiff's prior experience in pre-construction and construction
services for medical facilities, MPT contacted and used Plaintiff on projects prior
to the matter that forms the basis for the allegations of this Complaint.  MPT
derived substantial economic benefit from its prior working relationship with

Plaintiff, and that benefit was derived from extensive work performed by Plaintiff in Georgia on MPT's behalf.

7.

On or about early November of 2005, Defendant MPT (acting through Kathy Brewer) reinitiated contact with Plaintiff in Georgia for the purpose of obtaining a proposal regarding pre-construction services.  The early November 2005 contact related to a proposal for a possible construction project in Muskogee, Oklahoma related to the Muskogee Community Hospital (the "Project").

8.

Plaintiff prepared its pre-construction proposal in Georgia and sent that proposal to MPT for purposes of evaluating the Project.

9.

Plaintiffs' negotiations were directly with MPT, and Plaintiff understood that MPT would be responsible for fulfilling payment for the services Plaintiff rendered from Georgia.

10.

MPT, however, was negotiating directly with Muskogee to render it responsible for payment.  On or about November 23, 2005, MPT representative, Kathy Brewer, sent an email to Muskogee's representative, Mark Roberts, advising

that Plaintiff's operations in Atlanta, Georgia would be used to facilitate the very tight time-frame for the Project.  The November 23, 2005 email states "Any expenses incurred before the closing would be the responsibility of Muskogee Community Hospital, LLC, if the closing does not happen."  (A true and accurate copy of that email is attached as Exhibit "1").

11.

On or about November 28, 2005, representatives of Plaintiff and representatives of Defendant MPT held a conference call regarding the terms of the parties' proposal in regard to the Project and Defendant MPT awarded the Project to Plaintiff, with the understanding that the majority of the preconstruction services would be performed in Atlanta, Georgia.

12.

At that time, Plaintiff understood that Defendant Muskogee was involved in the Project, but still believed that the agreement for preconstruction services was between Plaintiff and Defendant MPT.  As will be detailed below, Defendant MPT contends that it was the authorized agent for Defendant Muskogee; however, there is no dispute that the contract was awarded to Plaintiff.

13.

On or about December 1, 2005, Defendant MPT's representative and construction manager for the Project, Kathy Brewer, sent Plaintiff a Notice to Proceed, outlining the terms of the parties' agreement and guaranteeing that Plaintiff would be compensated for all costs associated with the Project. (the "Notice to Proceed")(A true and accurate copy of this correspondence is attached as Exhibit "2").

14.

Based on the Notice to Proceed Plaintiff began pre-construction services in Atlanta, Georgia immediately.

15.

Based on the Notice to Proceed paragraph 2, Plaintiff understood and provided Defendant MPT with "an estimate of Preconstruction Costs," and this same paragraph stated that "R.J. Griffin will be reimbursed for all of the approved actual costs."

16.

The Notice to Proceed obligated Plaintiff to negotiate a contract agreement with Defendant MPT related to the long term construction (as distinguished from

the pre-construction services) by January 4, 2006, and Plaintiff undertook those negotiations from Atlanta, Georgia.

17.

Based on the Notice to Proceed paragraph 4, Plaintiff understood and provided Defendant MPT with "early release packages," and this same paragraph stated that "any costs associated with early release subcontractors will be reimbursed to R.J. Griffin."

18.

The Notice to Proceed did not specify that Plaintiff should look to be paid from Defendant Muskogee or any conditions that would lead Plaintiff to expect payment from Defendant Muskogee in the event of a failure of the condition.

19.

From Plaintiff's perspective, this Notice to Proceed came from Defendant MPT without qualifications; yet, Defendant MPT refuses to make payment contending that payment owed to Plaintiff is the responsibility of Defendant Muskogee.

20.

On or about December 6, 2005, in accordance with the terms of the Notice to Proceed, Plaintiff provided Defendant MPT with an estimate of the costs for

pre-construction activities, the majority of which would take place in Atlanta, Georgia.  (A true and accurate copy of this correspondence is attached as Exhibit "3").

21.

The December 6, 2005 estimate told Kathy Brewer of Defendant MPT that "per our earlier discussions, these potential costs will be documented for review in the event the project falls through, and will need to be reimbursed to R.J. Griffin."

22.

Defendant MPT approved of such costs, the majority of which would require work to be done in Georgia for the benefit of Defendant MPT.  Defendant MPT contends that they were acting as the authorized agent for Defendant Muskogee and the work, the majority of which would take place in Georgia, was for its benefit.

23.

On or about December 28, 2005, Defendant MPT approved more pre-construction costs, inclusive of the pre-approved hiring of a consultant in Atlanta to coordinate contract documents, should the Project move to the next phase.

24.

Plaintiff continued preconstruction work in Atlanta, Georgia on the Project and all work and services were approved by Defendant MPT in accordance with the Notice to Proceed of December 1, 2005.

25.

In direct reliance upon communications between Plaintiff and Defendant MPT, including the numerous contacts initiated by Defendant MPT into the State of Georgia, Plaintiff conferred services and benefits, the majority of which originated from within the State of Georgia, upon Defendants.

26.

Plaintiff believed that Defendant MPT was directly approving all costs and guaranteeing payment itself.  Defendant MPT now contends it was acting as authorized agent for Defendant Muskogee.

27.

After the pre-construction services, the Project was put on hold in January of 2006.

28.

Although the Project was delayed and never completed, Plaintiff continued to incur costs associated with the pre-approved consultant after January of 2006.

29.

Plaintiff submitted a complete bill for the work that it performed based on instructions and direction by Defendant MPT and for the benefit of both Defendants.  (A true and accurate copy of Plaintiff's ledger demonstrating the amount owed related to the Project is attached hereto as Exhibit "4").

30.

After not receiving any payment for its work, Plaintiff sent a letter to Defendant MPT on October 4, 2006 requesting payment of $140,000 as the current amount due and owing.  The letter detailed that neither Defendant MPT nor Defendant Muskogee was taking responsibility for paying Plaintiff for work that was performed without dispute.  (A true and accurate copy of Plaintiffs' October 4, 2006 demand letter with enclosures is attached as Exhibit "5").

31.

An additional demand for payment was made by Plaintiff on Defendant MPT on August 9, 2007.  (A true and accurate copy of the August 9, 2007 demand without enclosures is attached as Exhibit "6").  Defendant MPT refused to make payment.

32.

An additional demand for payment was made by Plaintiff on Defendant Muscogee on August 27, 2007.   (A true and accurate copy of the August 27, 2007 demand without enclosures is attached as Exhibit "7").  Defendant Muscogee provided no response to this demand.

## COUNT I --BREACH OF CONTRACT (Defendant MPT)

33.

Plaintiff incorporates by reference the prior allegations as though fully restated and set forth verbatim herein.

34.

Plaintiff and Defendant MPT entered into a contract, the general terms of which are outlined in Defendant MPT's December 1, 2005 Notice to Proceed. (the "Contract").

35.

Pursuant to the general terms of the Contract, Plaintiff provided services and materials, in relation to the Project, the majority of which originated in Atlanta, Georgia.

36.

All of Plaintiff's work on the Project was pre-approved by Defendant MPT.

37.

Plaintiff has met all necessary conditions precedent to payment under the terms of the Contract.

38.

Plaintiff has demanded payment from Defendant MPT on numerous occasions and Defendant MPT has refused to make such payment.

39.

Defendant MPT's failure to perform under the terms of the contract has caused Plaintiff damages in excess of $140,000.00, exclusive of collection costs, interest and attorneys' fees, with such total amount to be proven at trial by jury.

## COUNT II – IN THE ALTERNATIVE--BREACH OF CONTRACT
### (Defendant Muskogee)

40.

Plaintiff incorporates by reference the prior allegations as though fully restated and set forth verbatim herein.

41.

Although Plaintiff believed that it was negotiating with Defendant MPT in entering into the Contract, Defendant MPT takes the position that it was acting as

the authorized agent of Defendant Muskogee and that Defendant Muskogee is obligated to Plaintiff under the terms of the Contract.

42.

All of Plaintiff's work on the Project was pre-approved by Defendant Muskogee's authorized agent, Defendant MPT.

43.

Plaintiff has met all necessary conditions precedent to payment under the terms of the Contract.

44.

Plaintiff has demanded payment from Defendant Muskogee and from its authorized agent, Defendant MPT on numerous occasions and Defendant Muskogee and its authorized agent, Defendant MPT, have refused to make such payment.

45.

Defendant Muskogee's failure to perform under the terms of the contract has caused Plaintiff damages in excess of $140,000.00, exclusive of collection costs, interest and attorneys' fees, with such total amount to be proven at trial by jury.

## COUNT III--IN THE ALTERNATIVE-- PROMISSORY ESTOPPEL
## (Defendant MPT)

### 46.

Plaintiff incorporates by reference the prior allegations as if fully restated and set forth verbatim herein.

### 47.

As evidenced above based on repeated representations, Plaintiff acted in reliance on representations made by MPT that it would be reimbursed for work performed on the Project.

### 48.

Plaintiff's reliance on MPT's promises was justified, as Plaintiff requested and received approval from Defendant MPT for the estimated cost and ability to move forward with such services and materials related to the Project and obtained pre-approval to hire a consultant for work related to the Project.

### 49.

At the time that Plaintiff relied on these representations, they had no reason to believe that Defendant MPT would not reimburse them directly and thus reasonably and justifiably relied on such representations.

50.

Plaintiff has been damaged by Defendant MPT's promises, and should the Court determine that there was no contract, or that these promises were separate and apart from any contract between Plaintiff and either Defendant, then Plaintiff is entitled to damages, to be proven at trial by jury and limited only as justice requires.

## COUNT IV
## IN THE ALTERNATIVE QUANTUM MERUIT—O.C.G.A. § 9-2-7— (Defendant MPT)

51.

Plaintiff incorporates by reference the prior allegations as if fully restated and set forth verbatim herein.

52.

Plaintiff provided services and materials to Defendant MPT relating to the Project, thus bestowing them with goods of value, the majority of which originated within the State of Georgia.

53.

Defendant MPT initiated contact with Plaintiff in Georgia and requested and knowingly accepted the benefit and receipt of the services and materials related to the Project.

54.

At the time Plaintiff provided the services and materials, it expected to receive compensation for the same.

55.

Should the Court find that there is no express contract between Plaintiff and Defendant MPT, the receipt of the services and materials by Defendant MPT, without compensation to Plaintiff, would be unjust.

56.

Plaintiff is entitled to recover the value of the benefit conferred to Defendant MPT through the provision of such services and materials.

## COUNT V--IN THE ALTERNATIVE QUANTUM MERUIT-O.C.G.A. § 9-2-7—(Defendant Muskogee)

57.

Plaintiff incorporates by reference the prior allegations as if fully restated and set forth verbatim herein.

58.

Plaintiff provided services and materials to Defendant Muskogee relating to the Project, thus bestowing them with goods of value, the majority of which originated within the State of Georgia.

59.

Defendant Muskogee, through its authorized agent Defendant MPT, initiated contact with Plaintiff in Georgia and requested and knowingly accepted the benefit and receipt of the services and materials related to the Project.

60.

At the time Plaintiff provided the services and materials, it expected to receive compensation for the same.

61.

Should the Court find that there is no express contract between Plaintiff and Defendant Muskogee, the receipt of the services and materials by Defendant Muskogee, without compensation to Plaintiff, would be unjust.

62.

Plaintiff is entitled to recover the value of the benefit conferred to Defendant Muskogee through the provision of such services and materials.

**COUNT VI**
**ATTORNEYS' FEES PURSUANT TO O.C.G.A. § 13-6-11 (both Defendants)**

63.

Plaintiff incorporates by reference the prior allegations as if fully restated and set forth verbatim herein.

64.

Defendants' conduct demonstrates a violation of the inherent duty of good faith in the formation of the contract itself. Defendants induced Plaintiff to perform without any intention to honor the representation of reimbursement, and, apparently, with the intention of blaming each other as the responsible party to Plaintiff such that Plaintiff was left in this circular situation of excuses for non-payment.

65.

There is no bona fide dispute relating to Plaintiffs' right to be paid, and Defendants failure to resolve this matter despite multiple demands issued prior to Plaintiff initiating litigation to collect the sums that are validly due and owing constitutes proof that Defendants have been stubbornly litigious.

66.

Pursuant to O.C.G.A. § 13-6-11, Plaintiff is entitled to an award of its attorneys' fees and costs of this action.

## COUNT VII--IN THE ALTERNATIVE-- PROMISSORY ESTOPPEL
## (Muskogee Defendants)

67.

Plaintiff incorporates by reference the prior allegations as if fully restated and set forth verbatim herein.

704365.1

68.

MPT was acting as agent on behalf of the Muskogee Defendants.

69.

As evidenced above based on repeated representations, Plaintiff acted in reliance on representations made by the Muskogee Defendants agent MPT that it would be reimbursed for work performed on the Project.

70.

Plaintiff's reliance on the Muskogee Defendants' agent, MPT's promises was justified, as Plaintiff requested and received approval from the Muskogee Defendants' agent, Defendant MPT for the estimated cost and ability to move forward with such services and materials related to the Project and obtained pre-approval to hire a consultant for work related to the Project.

71.

At the time that Plaintiff relied on these representations, they had no reason to believe that the Muskogee Defendants' agent, Defendant MPT, would not reimburse them directly and thus reasonably and justifiably relied on such representations.

704365.1

72.

Plaintiff has been damaged by the Muskogee Defendants' agent, Defendant MPT's promises, and should the Court determine that there was no contract, or that these promises were separate and apart from any contract between Plaintiff and either Defendant, then Plaintiff is entitled to damages, to be proven at trial by jury and limited only as justice requires.

**WHEREFORE**, Plaintiff respectfully **demands trial by jury** and prays that:

(a)   As to Count I, that the Court award damages against Defendant MPT, in an amount to be proven at trial by jury, inclusive of interest, collection costs and attorneys' fees;

(b)   As to Count II, that in the alternative, the Court award damages against Defendant Muskogee, in an amount to be proven at trial by jury, inclusive of interest, collection costs and attorneys' fees;

(c)   As to Count III, that in the alternative, the Court find Defendant MPT liable for damages, in an amount to be proven at trial by jury, inclusive of the cost of such services and materials, collection costs, attorneys' fees limited only as justice so requires;

(d)     As to Count IV, that in the alternative, the Court find that pursuant to O.C.G.A. § 9-2-7, Plaintiff is entitled to recover the reasonable value of the benefit conferred from Defendant MPT;

(e)     As to Count V, that in the alternative, the Court find that pursuant to O.C.G.A. § 9-2-7, Plaintiff is entitled to recover the reasonable value of the benefit conferred from Defendant Muskogee;

(f)     As to Count VI, that the Court award attorneys' fees and that costs of litigation;

(g)     As to Count VII, that in the alternative, the Court find the Muskogee Defendants liable for damages, in an amount to be proven at trial by jury, inclusive of the cost of such services and materials, collection costs, attorneys' fees limited only as justice so requires; and

(h)     That the Court award such other and further relief as it deems just and proper.

This 16th day of December, 2008.

**FOLTZ MARTIN, LLC**

*/s/ Kevin H. Hudson*
_____

Kevin H. Hudson
Georgia Bar No. 374630
Matthew A. Spivey
Georgia Bar No. 135136

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
KHudson@FoltzMartin.com
MSpivey@FoltzMartin.com
*Attorneys for Plaintiff Dunn Southeast, Inc. d/b/a
R.J. Griffin & Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16th, 2008 I electronically filed the foregoing Second Amended Complaint For Breach of Contract or In the Alternative Quantum Meruit or Promissory Estoppel with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John Hinton, IV
Baker Donelson, Bearman, Caldwell & Berkowitz, P.C.
3414 Peachtree Road
Suite 1600, Monarch Plaza
Atlanta, GA 30326
404-221-6523
Email: jhinton@bakerdonelson.com


J. Ron Wright, Esq.                    Sam Arden, Esq.
Wright, Stout & Wilburn                 **HARTMAN, SIMONS,**
300 West Broadway, Suite A              **SPIELMAN & WOOD, LLP**
P.O. Box 707                            6400 Powers Ferry Road, N.W.
Muskogee, Oklahoma 74402                Suite 400
Email: ron@wsfw.com                     Atlanta, Georgia 30339
                                        Email: sarden@hssw.com


This 16 day of December, 2008.

704365.1                          - 26 -

**FOLTZ MARTIN, LLC**


/s/ Kevin H. Hudson
Kevin H. Hudson
Georgia Bar No. 374630
Matthew A. Spivey
Georgia Bar No. 135136

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659
KHudson@FoltzMartin.com
Mspivey@FoltzMartin.com
*Attorneys for Plaintiff Dunn Southeast, Inc. d/b/a
R.J. Griffin & Company*